UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-00965-FWS-RAO  Date: February 27, 2024
Title: Susan Woodard v. Cedars Sinai Hosp.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                          Not Present

**PROCEEDINGS: ORDER GRANTING MOTION TO DISMISS [73], GRANTING MOTION TO SUPPLEMENT [79], AND DENYING MOTION FOR LEAVE TO AMEND [74]**

Before the court are three matters: Defendant Cedars-Sinai Marina Del Rey Hospital's ("Defendant") Motion to Dismiss *pro se* Plaintiff Susan Woodard's ("Plaintiff") Amended Complaint, (Dkt. 73), Plaintiff's Motion for Leave to Amend (Dkt. 74), and Plaintiff's Motion to Supplement (Dkt. 79) (collectively, "Motions"). Each matter is opposed and fully briefed. (Dkts. 77-78, 80-81). Based on the state of the record, as applied to the applicable law, the Motion to Dismiss (Dkt. 73) is **GRANTED**; the Motion for Leave to Amend (Dkt. 74) is **DENIED**; and the Motion to Supplement (Dkt. 79) is **GRANTED**.[1]

**I.  Background**

In this case, Plaintiff alleges her son arrived at the emergency room at Defendant's hospital on April 17, 2021. (Dkt. 68 at 2.) Plaintiff's son was treated Envision Healthcare, who

---

[1] To the extent Plaintiff seeks sanctions against Defendant based on the California Rules of Professional Conduct in her opposition to Defendant's Motion to Dismiss, (Dkt. 78), that request is **DENIED** because it is not properly before the court in the form of a motion, *see* Fed. R. Civ. P. 7(b)(1), L.R. 7-4, and because Plaintiff does not sufficiently state grounds for the imposition of sanctions against Defendant.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

provided emergency room services at Defendant's hospital. (*Id.*) Plaintiff's son reported he had been sexually assaulted, but, per the Complaint, Plaintiff's son was received no treatment to determine the veracity of his sexual assault claim. (*Id.*) Ultimately, the severe emotional distress suffered by Plaintiff's son for which he did not allegedly receive adequate treatment led to his untimely passing. (*Id.*)

## II.    Discussion

### A.    Motion for Leave to Supplement

As an initial matter, Plaintiff moves to supplement her response to Defendant's Motion to Dismiss.[2] (Dkt. 79.) Defendant opposes on the grounds that Plaintiff did not comply with Local Rules 7-10 and 7-3 in filing this motion. (Dkt. 81.)

Absent limited exceptions, Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution . . . at least 7 days prior to the filing of the motion." L.R. 7-3. If, after meeting and conferring, counsel are "unable to reach a resolution that eliminates the necessity for a hearing," the movant must include a statement of compliance with Local Rule 7-3 with their motion. *Id.* Local Rule 7-10 concerns reply briefing after a motion is filed. *See* L.R. 7-10. It provides, in relevant part, that "[a]bsent prior written order of the [c]ourt, the opposing party shall not file a response to the reply [brief]." L.R. 7-10.

Plaintiff's Motion for Leave to Supplement includes approximately two pages of argument responsive to arguments raised in Defendant's reply briefing to its Motion to Dismiss. (*See* Dkt. 79 at 1-3.) The court accordingly construes the Motion for Leave to Supplement as a response to Defendant's reply governed by Local Rule 7-10 rather than an independent motion governed by Local Rule 7-3. *See Bordallo v. Reyes*, 763 F.2d 1098, 1101 (9th Cir. 1985)

---

[2] Because the court previously took this matter under submission, (Dkt. 82), the court **DENIES AS MOOT** Plaintiff's request to proceed telephonically at the now-vacated hearing.

___

**CIVIL MINUTES – GENERAL**                                                                                          2

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

("Since nomenclature is not controlling, a court must construe whether a motion, however styled, is appropriate for the relief requested.") (citations and internal quotation marks omitted). As the title of the motion suggests, Plaintiff seeks the court's leave to her to supplement her opposition with the additional argument as required by Local Rule 7-10. *See* L.R. 7-10; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (citation and internal quotation marks omitted). Additionally, Defendant does not argue it suffered any prejudice from the asserted violations of the Local Rules in its opposition to Plaintiff's Motion for Leave to Supplement. (*See* Dkt. 81 at 1-3); *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply."). In sum, the court finds Plaintiff sufficiently complied with the Local Rules and that consideration of her brief sur-reply would not prejudice Defendant. Accordingly, in its discretion, the court **GRANTS** the Motion for Leave to Supplement (Dkt. 79). *See Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) ("[D]istrict courts have the discretion to either permit or preclude a surreply.") (collecting cases).

    B.    <u>Motion to Dismiss</u>

Under Rule 12(b)(6), a defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) provides that a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint meets this standard where it alleges enough factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Twombly*, 550 U.S. at 555 (citation omitted), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citation omitted). Ultimately, a

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court generally may not consider material outside the pleadings in the context of a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *cf.* Fed. R. Civ. P. 12(d). The court may, however, consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In conducting its review, the court accepts the factual allegations of the complaint as true and construes them in "the light most favorable" to Plaintiff. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). However, the court need not accept as true "allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted); *see also Iqbal*, 556 U.S. at 678-79.

      1.    *Wrongful Death Medical Malpractice*

Defendant argues Plaintiff's claim for wrongful death medical malpractice fails because Plaintiff's allegations do not sufficiently establish either direct or vicarious liability against Defendant. (Dkt. 73 at 6-8.) Plaintiff opposes dismissal of the Amended Complaint, arguing the complaint adequately establishes each element of a claim for negligence. (Dkt. 78 at 1-3; Dkt. 79 at 1-3.)

A complaint bringing a wrongful death suit based on negligence must sufficiently allege the elements of negligence. *Jacoves v. United Merch. Corp.*, 9 Cal. App. 4th 88, 105 (1992). Those elements are duty, breach, a causal connection, and actual loss. *Id.* "Medical malpractice differs from negligence in one main regard: it requires an allegation that the defendant had a professional duty to use particular 'skills, prudence, and diligence.'" *Mekhtarian v. Ortega*, 2023 WL 3737920, at *1 (E.D. Cal. May 31, 2023) (citation omitted); *see also Tortorella v. Castro*, 140 Cal. App. 4th 1, 3 n.2 (2006) (describing elements of medical malpractice as "(1) the duty of the professional to use such skill, prudence, and diligence as

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence") (citations omitted).

The court finds the Amended Complaint does not adequately state a claim against Defendant for wrongful death medical malpractice based on Defendant's direct actions. In summary, the basis of the Amended Complaint is that Plaintiff seeks to hold Defendant liable based on allegedly inadequate care Envision Healthcare provided to her son, which resulted in his passing. However, nothing in the Amended Complaint indicates what, if any, actions *Defendant* took that breached a duty of care, and how those actions injured Plaintiff's son. *See Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal. 4th 992, 997 (1994) ("[T]he amount of care deemed reasonable in any particular case will vary, while at the same time the standard of conduct itself remains constant, i.e., due care commensurate with the risk posed by the conduct taking into consideration all relevant circumstances.") (citations omitted); *Jennings v. Palomar Pomerado Health Sys., Inc.*, 114 Cal. App. 4th 1108, 1118 (2003) ("In a medical malpractice action, a plaintiff must prove the defendant's negligence was a cause-in-fact of injury.") (citation omitted); *see also Iqbal*, 556 U.S. at 681 (stating "conclusory" allegations are "not entitled to be assumed true") (citing *Twombly*, 550 U.S. at 554-55).

As to vicarious liability, the court previously found the original Complaint did not adequately state a claim against Defendant's based on injuries allegedly caused by Envision Healthcare's employees. (Dkt. 62 at 5.) The Amended Complaint does not change the court's conclusion. The Amended Complaint still seeks to hold Defendant liable for treatment it alleges employees of Envision Healthcare provided. However, the general rule in California is that an independent contractor is not liable for injuries to third parties caused by the contractor's negligence. *SeaBright Ins. Co. v. US Airways, Inc.*, 52 Cal. 4th 590, 598 (2011); *see also Privette v. Superior Ct.*, 5 Cal. 4th 689, 693 (1993). The Amended Complaint does not indicate Envision Healthcare is an entity related to Defendant, and Plaintiff does not identify an applicable exception in her briefing. Accordingly, the Amended Complaint, like the original Complaint, still does not overcome California's general rule that a hirer of an independent contractor is not liable for the contractor's negligence. *See Villarreal v. Cnty. of Monterey*, 254 F. Supp. 3d 1168, 1193-94 (N.D. Cal. 2017) ("Although this general rule is subject to numerous

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

exceptions, a plaintiff does not state a claim if the plaintiff fails to identify an exception relevant to the plaintiff's claims.") (citations and internal quotation marks omitted).  For these reasons, Plaintiff's claim for medical malpractice wrongful death against Defendant is **DISMISSED**.  Because, as discussed below, the court finds permitting further amendment would be futile, this dismissal is **WITH PREJUDICE**.

      2.    *Addition of Envision Healthcare as a Defendant*

Defendant argues Plaintiff's addition of Envision Healthcare as a defendant in this action exceeds the scope of the court's previous grant of leave to amend, and a wrongful death medical malpractice claim against Envision Healthcare would be time-barred regardless.  (Dkt. 73 at 8-10.)  Plaintiff argues amending to add Envision Healthcare as a defendant is proper because of Envision Healthcare's role in the case as the provider of emergency services to Plaintiff's son, and asserts that Plaintiff complied with all presuit notice requirements.  (Dkt. at 78 at 2-3; Dkt. 79 at 2-3.)

A claim is subject to dismissal based on the expiration of the applicable statute of limitations period "when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)).  An amended pleading filed after the running of the statute may nevertheless be timely if it "relates back" to the date of the original pleading when certain criteria are met.  *See* Fed. R. Civ. P. 15(c)(1).  As relevant here, an amendment will "relate back" to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. (15)(1)(A)-(C). "Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014).

"In an action for injury or death against a health care provider based upon such person's alleged professional negligence," the plaintiff must file suit against a healthcare provider within "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Code Civ. Proc. § 340.5. Plaintiff's son arrived at Defendant's emergency room on April 17, 2021[3],

___

[3] The Amended Complaint does not explicitly state when Plaintiff presented to Defendant's emergency room; however, both the original Complaint—which is attached to Plaintiff's opposition to Defendant's Motion to Dismiss—and the proposed Second Amended Complaint date this event on April 17, 2021. (*Compare* Dkt. 68, *with* Dkt. 1 at 2, *and* Dkt. 74 at 2; *see also* Dkt. 78 at 10.) The Amended Complaint also does not disavow the April 17, 2021, date or indicate why it was omitted. (*See* Dkt. 68.) In these circumstances, the court concludes it is appropriate to consider the April 17, 2021, date in evaluating whether the applicable statute of limitations has run. *See Davis v. Combined Ins.*, 2018 WL 10701406, at *1 (N.D. Cal. Mar. 7, 2018) (stating a "plaintiff 'cannot omit prior factual allegations in an attempt to state a claim' in amended pleading") (quoting *Sharp v. Fresno Cty. Jail*, 2015 WL 6689915, at *4 (E.D. Cal. Oct. 28, 2015)); *see also Rodriguez v. Sony Computer Entm't Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015) (holding allegations in amended complaint must be "consistent with the [prior] pleading" and may "not contradict the allegations in the original complaint") (citation and

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

filed suit on July 1, 2022, (Dkt. 1), and added Envision Healthcare as a defendant through the Amended Complaint on October 11, 2023, (Dkt. 68).  Because Plaintiff's son received the allegedly insufficient medical treatment on April 17, 2021, a claim for personal injury against Envision Healthcare based on that treatment accrued on that date.  *See Carrillo v. Cnty. of Santa Clara*, 89 Cal. App. 5th 227, 234-35 (2023) ("[O]nce a patient knows, or by reasonable diligence should have known, that he has been harmed through professional negligence, he has one year to bring his suit.") (quoting *Gutierrez v. Mofid*, 39 Cal. 3d 892, 896 (1985)); *cf. Fox v. Ethicon Endo-Surgery*, Inc., 35 Cal. 4th 797, 808 (2005) (holding that reliance on the discovery rule to delay accrual of a cause of action requires the plaintiff to "specifically plead facts [in the complaint] to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence") (citation and internal quotation marks omitted).  Because Plaintiff has not adequately demonstrated she sent Envision Healthcare a proper notice of intent to sue that would toll the statute of limitations under Cal. Civ. Proc. Code § 364(d),[4] such a claim would be untimely as of April 17, 2022.  *See* Cal. Code Civ. Proc. § 340.5.

Even assuming Plaintiff's claim against Envision Healthcare accrued on the last strictly possible date—when she filed the original Complaint alleging Envision Healthcare treated her son on July 1, 2022—her claim would remain untimely timely because the Amended Complaint does not "relate back" to the date of the filing of the Complaint under Federal Rule of Civil Procedure 15(c).

As an initial matter in the relation back analysis, the court first considers whether Plaintiff named Envision Healthcare as a "Doe" (i.e., unnamed) defendant.  Plaintiff named Envision Healthcare in the allegations of the original Complaint, but did not name Envision Healthcare in the caption as a "defendant" explicitly.  (*See* Dkt. 1.)  Defendant argues Plaintiff accordingly improperly pleaded Envision Healthcare as a "Doe" defendant.  (Dkt. 73 at 9-10.)

___

internal quotation marks omitted); *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.") (citation omitted).
[4] The court previously found Plaintiff's letter to Defendant was adequate to toll the statutory period as to her claim against Defendant.  (*See* Dkt. 62 at 4.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

However, a *pro se* complaint must be "liberally construed" and "however inartfully pleaded . . . [,] held to less stringent standards than formal pleadings drafted by lawyers." *See, e.g.*, *Erickson*, 551 U.S. at 94 (citation and internal quotation marks omitted). In light of this obligation, the court will evaluate the Complaint as properly alleging Envision Healthcare as "Doe" defendant for purposes of the relation back doctrine.

Under California law, relation back of an amendment adding a "Doe" defendant as a defendant is governed by Cal. Civ. Proc. Code § 474.[5] Under § 474, "California courts have recognized that 'where an amendment does not add a "new" defendant, but simply corrects a misnomer by which an "old" defendant was sued, case law recognizes an exception to the general rule of no relation back.'" *Butler*, 766 F.3d at 1201 (quoting *Hawkins v. Pac. Coast Bldg. Prod., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004)). But § 474 applies only where the plaintiff is "genuinely ignorant" of the defendant's identity "at the time she filed her original complaint." *Woo v. Superior Ct.*, 75 Cal. App. 4th 169, 177 (1999). Because the original Complaint alleges Envision Healthcare acted unlawfully and refers to it by name, (Dkt. 1 at 1-2), § 474 does not apply here. Accordingly, the Amended Complaint's addition of Envision Healthcare as a defendant does not relate back under California law. *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682-83 (9th Cir. 1980) (concluding amended complaint did not relate

___

[5] Rule 15(c)(1)(A) similarly provides that an amended pleading will relate back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Because Rule 15 "does not apply to preclude any relation back that may be permitted under the applicable limitations law," Fed. R. Civ. P. 15, advisory committee's note to 1991 amendment, the court applies the "controlling body of limitations law" that "affords a more forgiving principle of relation back," *id.* Because California provides a more lenient treatment of John and Jane Doe amendments than the Federal Rules, the court applies it here. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (concluding state provided a "more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C)," where state's law, unlike the Federal Rules of Civil Procedure, "create[d] a special procedure for claims alleged against John Doe defendants"); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting the "general rule" that pleading "Doe" defendants "is not favored" in federal court).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

back under California law because the plaintiff was not ignorant of the defendant's name or role in the case when filing the original complaint).

The court also notes Plaintiff's claim would not relate back under the more restrictive federal standard. Because Plaintiff's amendment seeks to add Envision Healthcare as a named party in this case in place of a previously-unnamed defendant, Rule 15(c)(1)(C) provides the relation back standard under federal law. *See Butler*, 766 F.3d at 1202 (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)). Rule 15(c)(1)(i)'s notice requirement is not met in this case because there is no evidence in the record indicating Envision Healthcare received notice of this action within 90 days of the original complaint's filing per Rule 4(m).[6] *See Armstrong v. Hawaiian Airlines*, 2019 WL 13162422, at *2 (D. Haw. Feb. 28, 2019) (concluding Rule 15(c)(1)(C)'s notice requirement was not met when "[t]here is no evidence that [defendant] received notice of this lawsuit within the 90 days"), *report and recommendation adopted*, 2019 WL 1645192 (D. Haw. Apr. 16, 2019). And "[r]eplacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back" under Rule 15(c)(1)(C)(ii). *Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018) (citation omitted). Thus, the inclusion of Envision Healthcare in the Amended Complaint would not relate back to the date of the original Complaint under federal law.

In sum, Plaintiff's claim against Envision Healthcare is subject to dismissal as time-barred. *See Orkin v. Taylor*, 487 F.3d 734, 742 (9th Cir. 2007) (affirming dismissal of claims as time-barred where "[e]ven under the most generous possible rule for accrual of the causes of action, the claims expired"). Accordingly, the court **DISMISSES** the wrongful death medical malpractice claim against Envision Healthcare **WITH PREJUDICE**.[7]

___

[6] Plaintiff filed this action on July 1, 2022. (Dkt. 1.) Rule 4(m) proscribes a 90-day time period from the filing of the complaint for service, Fed. R. Civ. P. 4(m), which is incorporated by reference into Rule 15(c)(1)(C), *see* Fed. R. Civ. P. 15(c)(1)(C).

[7] Because the court finds this claim subject to dismissal on statute of limitations grounds, the court does not reach Defendant's argument Plaintiff exceeded the scope of the court's previous grant of leave to amend.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

      C.    <u>Motion for Leave to Amend</u>

     Plaintiff seeks leave to further amend the Amended Complaint to the proposed Second Amended Complaint attached to the Motion for Leave to Amend in the interests of justice. (Dkt. 74.) Defendant opposes Plaintiff's request, asserting the Second Amended Complaint serves only to circumvent Defendant's pending Motion to Dismiss and fails to remedy the deficiencies in Plaintiff's Complaint and Amended Complaint. (Dkt. 77 at 2-6.) Defendant also argues the proposed Second Amended Complaint is improper insofar as Plaintiff seeks to add Envision Healthcare as a defendant because her claim is untimely against Envision Healthcare. (*Id.* at 6-9.)

     Federal courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

     The court finds permitting amendment in the form of the proposed Second Amended Complaint would be futile. The proposed Second Amended Complaint (Dkt. 74 at 2-8) does not deviate materially from the Amended Complaint. In sum, the proposed Second Amended Complaint, like its predecessor, does not allege sufficient factual content indicating Defendant was negligent through its own conduct or vicariously liable for the acts of Envision Healthcare.[8]

___

[8] For example, the proposed Second Amended Complaint asserts Defendant breached its duty to provide fully qualified medical staff to patients presenting to its emergency room. (*See* Dkt. 78 at 2-3.) Assuming without deciding that duty exists—the court expresses no view on that matter at this time—the Second Amended Complaint does not state facts indicating how Defendant failed to provide fully qualified medical staff, or why the staff attending to Plaintiff's

___

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

Accordingly, the court **DENIES** the Motion for Leave to Amend. *See Moore v. Kayport Package Exp.*, Inc., 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.") (citation omitted).

Having dismissed the Amended Complaint and concluded the proposed Second Amended Complaint does not remedy the Amended Complaint's deficiencies, the question remains whether to permit further amendment in this case. On this point, Defendant argues further leave to amend should be denied because Plaintiff has repeatedly failed to allege sufficient facts supporting a claim for relief, and does not identify allegations in her opposition briefing that could save her complaint. (Dkt. 81 at 2-3; Dkt. 77 at 2-6.) The court agrees. Leave to amend to assert a wrongful death medical malpractice claim against Envision Healthcare claim is **DENIED** as futile based on the court's finding the claim would be time-barred. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). Because the Complaint, Amended Complaint, and proposed Second Amended Complaint have each alleged insufficient factual material to establish Plaintiff's wrongful death medical malpractice claim against Defendant, and Plaintiff does not sufficiently indicate in her briefing that further amendment could cure the defects identified by the court, the court **DENIES** leave to amend Plaintiff's wrongful death medical malpractice claim against Defendant. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies.") (cleaned up).

---

son were unqualified. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (holding that *pro se* plaintiff's complaint "may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to state a claim to relief that is plausible on its face" notwithstanding courts' obligation to construe *pro se* filings liberally) (citations and internal quotation marks omitted).

___

**CIVIL MINUTES – GENERAL**

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-00965-FWS-RAO | Date: February 27, 2024 |
| Title: Susan Woodard v. Cedars Sinai Hosp. | |

### III. Disposition

For the reasons stated, the Motion to Dismiss (Dkt. 73) is **GRANTED**; the Motion for Leave to Amend (Dkt. 74) is **DENIED**; and the Motion to Supplement (Dkt. 79) is **GRANTED**.  Plaintiff's wrongful death medical malpractice claim against Envision Healthcare is **DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.  Plaintiff's wrongful death medical malpractice claim against Defendant is also **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.  **The clerk is respectfully directed to close the case file.**

**IT IS SO ORDERED.**